**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS BELTRAN, | No. 16-70938 |
| Petitioner, | Agency No. A095-010-841 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 4, 2017
Pasadena, California

Before: PLAGER,** BEA, and OWENS, Circuit Judges.

Juan Carlos Beltran petitions for review of the Board of Immigration

Appeals' ("BIA") decision dismissing his appeal due to waiver. Contrary to the

BIA's conclusion, Beltran argues that his waiver was not considered and

intelligent. As explained below, we agree and therefore grant the petition and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable S. Jay Plager, United States Circuit Judge for the U.S.
Court of Appeals for the Federal Circuit, sitting by designation.

remand.

We review legal issues de novo. *See Rodriguez-Echeverria v. Mukasey*, 534 F.3d 1047, 1050 (9th Cir. 2008). Because the parties are familiar with the facts of this case, we do not recount them here.

The waiver of an appeal is not valid if it is not considered and intelligent. *See, e.g.*, *Garcia v. Lynch*, 786 F.3d 789, 792 (9th Cir. 2015) (per curiam). The standard requires that the immigration judge ("IJ") inform the alien of his or her apparent eligibility to apply for any benefits, including the availability of voluntary departure and the differences between pre-conclusion and post-conclusion voluntary departure. *See id.*; 8 C.F.R. § 1240.11(a)(2).

In this instance, Beltran's waiver was not considered and intelligent because the IJ failed to explain the differences between pre-conclusion and post-conclusion voluntary departure. Beltran's waiver was therefore invalid, and the BIA erred in dismissing his appeal on the basis of waiver. We remand this matter to the BIA for further proceedings.

In light of this disposition, we do not reach Beltran's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED**.